IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| YANIRA YESENIA OLDAKER, : | |
| : | |
| Petitioner, : | |
| : | CASE NO.: 7:20-CV-00224 (WLS) |
| v. : | |
| : | |
| THOMAS GILES, *et al.*, : | |
| : | |
| Respondents. : | |
| : | |

**ORDER**

Before the Court is Petitioner Yanira Yesenia Oldaker's "Motion to Permit 20 Non-Parties to Proceed by Pseudonym and Under Seal and to Permit Two Non-Parties to Proceed Under Seal," filed on November 19, 2020 (Doc. 29.) Currently, Petitioner's Motion for Emergency Temporary Restraining Order is set for a hearing on December 2, 2020. Petitioner now seeks to submit declarations from other women "currently or formerly detained in the Irwin County Detention Center ("ICDC") . . . in support of Ms. Oldaker's Motion for a Temporary Restraining Order (TRO) and Habeas Corpus Petition," but "they fear resulting retaliation from Respondents, their employees, and/or their contractors, including accelerated deportation." (Doc. 29-1 at 6.) Thus, they seek to file their declarations under seal, and many wish to file under pseudonym as well.

As a general matter, courts should not unnecessarily seal documents because the public has a "common-law right of access to federal courts" and to records filed in federal courts. *See FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 70-71 (11th Cir. 2013). "The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation omitted). In balancing these interests, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond

1

to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* Upon reviewing the declarations[1] and considering the relevant factors and the provisions of Local Rule 5.4 and Federal Rule of Civil Procedure 5.2, the Court finds good cause to seal the non-party declarations as requested. The most substantive information from the declarations is and should be publicly available (Doc. 29-1), but the personally identifying information should be restricted given the declarators' plausible fear of retaliation. The declarations themselves bear on Petitioner's petition and motion for TRO given her First Amendment retaliation arguments. Furthermore, Respondents have not objected to the motion to seal, and Respondents and their counsel will have access to the declarations.

Accordingly, Petitioner's motion to seal and file under pseudonym (Doc. 29) is **GRANTED**, only and until further order of the Court. The Clerk's Office is **DIRECTED** to docket the declarations under seal, to be accessible to the Court and the named Parties and their counsel only. Counsel shall not disclose the declarations to persons not named as a Party in this case or not working on this case.

**SO ORDERED**, this 24th day of November 2020.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Petitioner's counsel emailed the declarations to the Clerk's Office.