# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| YANIRA YESENIA OLDAKER, *et al.*, | : | |
| | : | |
| Petitioners-Plaintiffs, | : | |
| | : | CASE NO.: 7:20-CV-00224 (WLS) |
| | : | |
| v. | : | |
| | : | |
| THOMAS GILES, *et al.*, | : | |
| | : | |
| Respondents-Defendants. | : | |

## ORDER

Before the Court is a "Motion to Appear Remotely" filed by the Federal Respondents-Defendants on March 8, 2021. (Doc. 119.) Therein, counsel for the Federal Respondents-Defendants ask to attend the hearing on Petitioners' Emergency Motion for Temporary Restraining Order virtually, noting their concerns with travelling from Washington, D.C. to Albany, GA during the COVID-19 pandemic. They state that Petitioners' counsel do not oppose their request.

While the Court is sensitive to the risks posed by the COVID-19 pandemic, this is a unique case. This case was initially filed as a "Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief" by Petitioner Yanira Yesenia Oldaker on November 9, 2020. (Doc. 1.) Since then, numerous more Petitioners have been added to the case, and a 160-page "Consolidated Amended Petition for Writ of Habeas Corpus and Class Action Complaint for Declaratory and Injunctive Relief and for Damages" has been filed asserting twenty-one claims for relief. (Doc. 54.) The Federal Respondents-Defendants' representation by two prior U.S. Attorneys Offices has been replaced with the instant office in Washington, D.C., and the Parties are still sharply in dispute as to the propriety of a temporary restraining order and the now requested stay of this case. Given the nature of this case, the numerous parties and interested persons involved, the *ex parte* issues raised, and the Court's obligation to justly adjudicate the pending issues and manage the case, the Federal Respondents-

Defendants' motion to appear remotely is **DENIED**. Counsel shall appear in-person for the scheduled hearing.

Furthermore, the Court notices the Parties that the Court has serious questions about the mootness of the requested temporary restraining order and the claims for habeas relief. A court's power to issue a writ of habeas corpus applies to "prisoners" in custody. 28 U.S.C. § 2241(c). Similarly, in their motion for an "emergency" temporary restraining order, Petitioners ask that the Court "order Respondents to cease any form of retaliation against detained Petitioners, including deportation, pending the resolution of this lawsuit; and issue writs of habeas corpus *ad testificandum* compelling ICE to ensure the availability of detained Petitioners for any further proceedings, including trial, or in the alternative, order the release of detained Petitioners during the pendency of this lawsuit." (Doc. 56-1 at 32.) The Federal Respondents-Defendants now respond that except for one petitioner who was previously removed from the country, all Petitioners have been released from detention pursuant to a preliminary injunction order in a separate case. (Doc. 100 at 4.) The Court is further concerned about numerous other issues presented by this case, including the Court's jurisdiction to stay deportation where a removal order exists and the viability of this lawsuit if the habeas claims are moot. The Parties' counsel should be prepared to discuss these issues at the hearing on March 16, 2021 in person.

**SO ORDERED**, this 9th day of March 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**