IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| YANIRA YESENIA OLDAKER, *et al.*, : | |
| : | |
| Petitioners-Plaintiffs, : | |
| : | CASE NO.: 7:20-CV-00224 (WLS) |
| : | |
| v. : | |
| : | |
| THOMAS GILES, *et al.*, : | |
| : | |
| Respondents-Defendants. : | |

## ORDER

Before the Court are the Petitioner-Plaintiffs' ("Petitioners") two motions to file under seal, filed on December 21-22, 2020. (Docs. 55 & 59). The second motion to file under seal was filed *ex parte* but appears to be the same motion filed publicly at Doc. 55, and Petitioners did not seek to withdraw the motion filed at Doc. 55. The notable difference between the two motions is that there are eleven exhibits attached to Doc. 59 of various documents that Petitioners want filed under seal. (Docs. 59-3 through 59-13.) These exhibits total more than 1,300 pages. Although some Respondent-Defendants were granted extensions of time to respond to Doc. 55, no responses were filed to either motion to seal. Furthermore, the Court must resolve the pending motions to seal now because many of the documents sought to be sealed bear directly on the Court's disposition of the pending motion for temporary restraining order (Doc. 56).

Petitioners ask that the Court:

1) Allow Petitioners and witnesses "who are afraid to come forward in their own names to proceed anonymously as 'Jane Does'";

1

2) Allow them to file under seal "only accessible to this Court, the parties in this litigation, and those employed by counsel" certain declarations and emails containing detailed, private, and sensitive information that could increase the risk of retaliation; and

3) Allow them to file under seal designated as "attorneys' and experts' eyes only," medical records and medical evaluations of Petitioners and witnesses which contain HIPAA[1]-protected, private information (hereinafter the "Medical Exhibits").

(Doc. 55-1 at 2.) The Court addresses each issue in turn.

## I. Proceeding by Pseudonym

Petitioners state that the Court should grant the motions to seal and proceed by pseudonym "for substantially the same reasons as this Court found persuasive in granting a prior Motion to Proceed by Pseudonym and File Under Seal." (Doc. 55-1 at 2.) To be clear, the prior motion concerned only non-parties writing in support of Petitioner Oldaker, and many of the non-parties were still detained at ICDC and in immediate danger of retaliation, and even that order was subject being revised later. (*See* Doc. 29-1 at 6.) Here, five Petitioners in addition to twenty non-party witnesses wish to proceed by pseudonym. (Doc. 56-8.)

Federal Rule of Civil Procedure 10(a) provides that "every pleading" in federal court "must name all the parties." "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank,* 951 F.2d 320, 322 (11th Cir. 1992). However, a "narrow exception" exists that provides that "[a] party may proceed anonymously in federal court by

---

[1] Health Insurance Portability and Accountability Act of 1996, 104 Pub. L. 191, 110 Stat. 1936.

2

establishing 'a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Carrizosa v. Chiquita Brands Int'l, Inc. ("In re Chiquita")*, 965 F.3d 1238, 1247 (11th Cir. 2020) (quoting *Plaintiff B*, X at 1315-16); *Frank*, 951 F.2d at 323 (providing for use of fictious names in "exceptional circumstances").

In deciding whether to allow a party to proceed anonymously, courts should consider several factors, including "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *In re Chiquita,* 965 F.3d at 1247. But a court should also "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* "The court should also analyze whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* (explaining that "a defendant's 'general plea for "openness" is not convincing' when stacked against 'strong evidence' supporting a need for anonymity.") (citation omitted). A court's determination is reviewed for abuse of discretion. *Carrizosa*, 965 F.3d at 1246.

Here, the relevant factors justify allowing the persons requesting to proceed by pseudonym to do so. They are challenging government misconduct, they are revealing details of utmost intimacy, and they allege past retaliation after speaking against the alleged governmental misconduct. They further allege that they fear retaliatory deportation by ICE, punitive retaliation by employees of Irwin County Detention Center ("ICDC"), and retaliation by others within the United States or in their home countries. (Doc. 55-1 at 4-5.) Although it

3

appears that women are no longer detained at ICDC such that retaliation at ICDC may no longer be an issue (*see* Docs. 149 & 150), it is plausible that the other groups and entities could retaliate against certain Petitioners and witnesses if their identities are made public. Furthermore, the Court finds that no threat of fundamental unfairness exists as no Respondent has filed any opposition to the request.[2] Accordingly, the motion to proceed by pseudonym as to the specified persons (*see* Doc. 59-3) is **GRANTED**.

## II.   Filing Declarations and Emails Under Seal

As a general matter, courts should not unnecessarily seal documents because the public has a "common-law right of access to federal courts" and to records filed in federal courts. *See FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 70-71 (11th Cir. 2013). "The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation omitted).

> Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances set forth by the district court in the record consistent with *Wilson,* the court file must remain accessible to the public. Thus, because it is the rights of the public, an absent third party, that are at stake, any member of the public has standing to view documents in the court file that have not been sealed in strict accordance with *Wilson,* and to move the court to unseal the court file in the event the record has been improperly sealed.

*Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (citing *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir.1985)). Courts must also "balance the respective interests

---

[2] The Court further finds it relevant that eight Petitioners and many witnesses are not requesting to proceed by pseudonym, and many of these people are not filing under seal; thus, the public and Respondents will have access to a plethora of information regarding the facts and allegations in this case.

4

of the parties." *Id.* at 1313; *BASF Corp. v. SNF Holding Co.*, No. 4:17-cv-251, 2019 U.S. Dist. LEXIS 111596, at *15 (S.D. Ga. July 3, 2019) (The judge "'may not rubber stamp a stipulation to seal the record.'"); *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court . . . ."). Courts also consider "among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246.

Here, Petitioners request that 29 declarations and additional emails to federal investigators be sealed from the public for many of the same reasons asserted for their request to proceed by pseudonym, that is: fear of retaliation at ICDC, fear of retaliation by other governmental entities like ICE in the form of detention and deportation, and fear of violence or harassment in their home countries if they are deported. (Doc. 55-1 at 11-12.) They also assert that disclosure would harm their privacy interests and does not impair court functions as Respondents and their counsel will have access to the sealed declarations and emails. *Id.* at 5, 13. They further argue that there is no less onerous alternative to sealing because "it would be impossible to effectively redact the declarations sought to be sealed without rendering them meaningless given that the sensitive information pervades each declaration" and "it would be difficult to know precisely what pieces of information" would be personally identifying and allow the public to determine a declarant's identity. *Id.* at 14. The Court has reviewed the declarations sought to be sealed and agrees. Extremely private information is riddled

throughout the declarations which disclose sensitive information about misconduct committed by various people not at issue in this case, as well as various people in this case. For these reasons, the declarations cannot reasonably be redacted, and the public need not have access to the myriad private and sensitive information that they contain, especially when the main facts of this case are publicly available in other documents. Further, Respondents will have access to these materials and be able to fully respond to them. However, the emails to federal investigators total 51 pages and many of those pages contain information that is not sensitive or has already been made public and/or concerns people who are not proceeding by pseudonym. (Doc. 59-7.) The Court finds no reason why such information cannot be reasonably redacted and otherwise made publicly available. Similarly, there are some emails that do not identify sealed information or the identities of the Jane Does and can also be unredacted. For the foregoing reasons, the specified declarations (Docs. 59-4 – 59-6) may be filed under seal, but the emails to federal investigators (Doc. 59-7) shall be redacted as explained in this Order.

### III. Filing the Medical Exhibits Under Seal as "Attorneys' and Experts' Eyes Only"

Petitioners argue that they have an even stronger privacy interest in the Medical Exhibits which are covered by HIPAA and contain private medical and mental health records and more detailed biographical facts about third-party family members not involved in this litigation. (Doc. 55-1 at 6, 14-15.) They, therefore, request that the Medical Exhibits not be made available to Respondents themselves, but only to Respondents' counsel and retained experts. *Id.*

As an initial matter, a general argument of privacy in Petitioners' medical records is not very strong. HIPAA places limitations on certain entities not at issue here,[3] and "'[c]ourts have routinely held that, by putting one's medical condition at issue in a lawsuit, a plaintiff waives any privilege to which he may have otherwise been entitled as to his privacy interests in his medical records.'" *Lozman v. City of Riviera Beach*, No. 08-80134-Civ-Hurley/Hopkins, 2014 U.S. Dist. LEXIS 195855, at *3-4 (S.D. Fla. May 2, 2014) (quoting *Stogner v. Sturdivant*, 2011 U.S. Dist. LEXIS 107571, 2011 WL 4435254, *5 (M.D. La. Sept. 22, 2011)); *Barlow v. Dupree Logistics, LLC*, No. 1:14-BE-1808-E, 2015 U.S. Dist. LEXIS 102371, at *24 (N.D. Ala. July 5, 2015) ("[Plaintiff] has largely waived any privacy interest in the requested documents by filing this public lawsuit with the claims asserted and damages asserted, including emotional distress.").

In support of their request to seal mental health records, Petitioners cite one order by a magistrate judge that sealed a prisoner's mental health reports, but that case is not on point as it concerned a prisoner's petition for writ of habeas corpus[4]; it was not a civil lawsuit based on medical misconduct. For the proposition that medical records are private and can be filed under seal, Petitioners cite a criminal case where the defendant wanted his psychological diagnosis sealed and considered only at sentencing. (Doc. 55-1 at 15) (*United States v. Emanuelli*, No. 6:17-cr-10-Orl-41TBS, 2017 U.S. Dist. LEXIS 87807, at *1 (M.D. Fla. June 8, 2017). But sealing of psychological reports is common in criminal cases to protect the rights of the

---

[3] "HIPAA applies only to 'covered entities,' which are health plans, health care clearinghouses, healthcare providers who transmit health information electronically, and business associates of covered entities who perform functions on behalf of these entities." *State Farm Mut. Auto. Ins. Co. v. Kugler*, 840 F. Supp. 2d 1323, 1328 (S.D. Fla. 2011) (citing 45 C.F.R. §§ 160.102, 160.103).
[4] *Bell v. Warden, FCI Tallahassee*, No. 4:19cv442-WS/MAF, 2020 U.S. Dist. LEXIS 117686, at *1 (N.D. Fla. June 9, 2020).

7

criminal defendant. Petitioners also cite other cases to show that medical records can be restricted to counsels' eyes only, but those cases are also inapposite because the medical records were not directly relevant or were not put at issue by the person whose records were sought. *See Kojac v. US Investigations Servs., LLC*, No. 13-62162-CIV-DIMITROULEAS/S, 2014 U.S. Dist. LEXIS 196465, at *3 (S.D. Fla. May 22, 2014) (in an unpaid overtime case in which plaintiff argued that her medical records were not relevant, magistrate judge ordered that the records could be designated as attorney's eyes only); *Estate of Carrillo v. FDIC*, No. 11-22668-CIV-ALTONAGA/SIMONTON, 2012 U.S. Dist. LEXIS 69611, at *15 (S.D. Fla. May 18, 2012) (in a case where multiple defendants were sued after an automobile collision, the magistrate judge allowed a defendant's medical records to be for attorneys only where the records were subpoenaed by a co-defendant looking for inconsistent statements); *Men of Destiny Ministries, Inc. v. Osceola Cty.*, No. 6:06-cv-624-Orl-31 DAB, 2006 U.S. Dist. LEXIS 54385, at *5 (M.D. Fla. July 19, 2006) (where plaintiff was a tax-exempt organization seeking to show that it was a rehabilitation program, the court ordered that the "medical records of the clients" of the organization be restricted to attorneys' eyes only).

Here, Petitioners bring twenty-one claims for relief, including claims for medical battery, medical malpractice, and intentional and negligent infliction of emotional distress. (Doc. 54.) Further, they are filing their own medical records for the Court's disposition of other matters in this case. Because of the various medical and emotional issues raised by the Amended Complaint, Petitioners have necessarily placed their medical and emotional conditions at issue, and the Court is concerned about sealing medical records not only from the public but from the Respondents themselves. Moreover, the "Medical Exhibits" total more

than 800 pages, many of which are lengthy curriculum vitaes of medical doctors and professionals and statements by persons whose declarations are not sealed or anonymous. Consistent with the entirety of this Order, Petitioners can and shall redact the Medical Exhibits to remove personally identifying information of persons not involved in this litigation and information otherwise ordered to be sealed or anonymous consistent with the Court's orders in this case. The Medical Exhibits shall then be filed redacted on the record, with the unredacted copies filed under seal to be tentatively designated as "attorneys' and experts' eyes only," unless and until the Court orders otherwise.

The Court finds that the foregoing strike the proper balance of respecting the Petitioners' and witnesses' privacy rights, as well as the privacy of third parties not involved in this case, while also providing meaningful factual information to the public and Respondents.

## CONCLUSION

Accordingly, Petitioners' motions to seal (Docs. 55 & 59) are **GRANTED-IN-PART** and **DENIED-IN-PART** consistent with this Order, as follows:

1) The persons requesting to proceed by pseudonym in accordance with Doc. 59-3 may do so;

2) The Clerk of Court is **DIRECTED** to file under seal to be accessible by all Parties Exhibits H1 through H10 and J1 through J19 (Docs. 59-4, 59-5, and 59-6);[5]

3) The emails to federal investigators (Doc. 59-7, Exhibit K) shall be redacted to remove the personally identifying information of persons proceeding under

---

[5] The Court will not order that Doc. 59-3 (Exhibit F) be refiled under seal because it is already filed ex parte, and the Court does not believe Petitioners wish to make this document available to other Parties. Petitioners may promptly move the Court if they wish this document to be made available to other Parties.

9

pseudonym but with unsealed declarations, all information of persons proceeding under pseudonym and with sealed declarations, and other confidential information[6] and refiled **no later than Wednesday, August 18, 2021**;

4) The Medical Exhibits (Docs. 59-8 through 59-13, Exhibits L1 through L12 and M1 through M5) shall be redacted to remove the personally identifying information of persons proceeding under pseudonym but with unsealed declarations, all information of persons proceeding under pseudonym and with sealed declarations, and other confidential information.[7] The redacted Medical Exhibits shall be filed, and the sealed unredacted Medical Exhibits shall also be filed and tentatively designated "attorneys' and experts' eyes only," **no later than Wednesday, August 18, 2021**.

This Order is preliminary and based on the arguments advanced by Petitioners. The Court will consider future motions, including a motion for protective order, and may change any findings in this Order based on how the case progresses. Otherwise, motions to reconsider this Order shall be filed in accordance with the Local Rules.

**SO ORDERED**, this 4th day of August 2021.

                                           **/s/ W. Louis Sands**
                                           **W. LOUIS SANDS, SR. JUDGE**
                                           **UNITED STATES DISTRICT COURT**

---

[6] The Court expects counsel to use good judgment and act in good faith. Much of the information in Exhibit K can be redacted, including confidential contact information of investigators and anonymous Petitioners and witnesses, but counsel should endeavor to leave in place other factual information that is not clearly covered by the protections of this or prior Orders.

[7] *Supra* note 5.