## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

YANIRA YESENIA OLDAKER, *et al.*,          :
                                           :
             Petitioners-Plaintiffs,       :
                                           :       CASE NO.: 7:20-CV-00224 (WLS)
v.                                         :
                                           :
THOMAS GILES, *et al.*,                    :
                                           :
             Respondents-Defendants.       :
_____        :

## ORDER

Before the Court are Respondent-Defendant Dr. Mahendra Amin's Motion for Reconsideration filed on August 11, 2021 and Respondent-Defendant Hospital Authority of Irwin County's (the "Hospital") joinder to Dr. Amin's motion and Motion for Reconsideration, filed on August 16, 2021. (Docs. 154 & 155.) Therein, both Respondents ask that the Court reconsider its order (Doc. 152) on the Petitioners-Plaintiffs' ("Petitioners") motions to seal and proceed by pseudonym (Docs. 55 & 59) and allow these Defendants until September 17, 2021 to file a substantive response to the Petitioners' motions to seal. The Petitioners also filed a brief in opposition to the motions to reconsider. (Doc. 161.) No reply brief is allowed. M.D. Ga. L.R. 7.6

As background, this is a hybrid habeas/civil action alleging that while the Petitioners were detained at Irwin County Detention Center ("ICDC"), they were subjected to, most notably, unnecessary and nonconsensual gynecological procedures by Dr. Amin that left some Petitioners in debilitating pain and/or unable to have a child. (Doc. 54 at 15–16, 22–25.) The Petitioners allege that after they spoke out about these experiences, they were retaliated against,

1

including by being rapidly scheduled for deportation. *Id.* at 26-33. Simultaneously with filing their amended Petition and Complaint on December 21, 2020 (Doc. 54), the Petitioners also filed a Motion to Seal and Proceed by Pseudonym ("Motion to Seal") (Doc. 55)[1] and an Emergency Motion for Temporary Restraining Order ("TRO") (Doc. 56).

Because this case was initially filed as a petition for writ of habeas corpus (Doc. 1), it was referred to U.S. Magistrate Judge Stephen Hyles. *See* M.D. Ga. L.R. 72.1; 28 USCS § 636(b). Judge Hyles ordered that Respondents respond to the first Motion to Seal by December 31, 2020. Thereafter, Judge Hyles granted Dr. Amin's motion for a fourteen-day extension of time to respond to the Motion to Seal. (Docs. 69 & 71.) Ultimately, Judge Hyles granted Dr. Amin's motion to stay his deadline to respond to the Motion to Seal "until thirty (30) days after Petitioners/Plaintiffs' documents filed under seal are made available to him, or February 22, 2021, whichever is later" based on the Parties' assertions that they were trying to negotiate a protective order. (*See* Docs. 78, 82, 84.) A similar order was entered for the Hospital. (Doc. 99.)

On March 16, 2021, the Court held a hearing on the Petitioners' Emergency Motion for TRO and the Federal Respondents' Motion to Stay this Case for Ninety Days (Doc. 105), which are now ripe for review. (*See* Doc. 141.) On August 4, 2021, the Court issued an order resolving Petitioners' Motions to Seal. (Doc. 152.) At the outset of the Order, the Court stated that "no responses were filed to either motion to seal" although some extensions of time to respond had been granted and that "the Court must resolve the pending motions to seal now because many of the documents sought to be sealed bear directly on the Court's disposition

---

[1] Petitioners filed an *ex parte* version of the same motion the following day. (Doc. 59.)

of the pending motion for temporary restraining order." (Doc. 152 at 1.) The Court granted-in-part and denied-in-part the motions to seal and specifically concluded that:

> This Order is preliminary and based on the arguments advanced by Petitioners. The Court will consider future motions, including a motion for protective order, and may change any findings in this Order based on how the case progresses. Otherwise, motions to reconsider this Order shall be filed in accordance with the Local Rules.

*Id.* at 10. Within fourteen days, Dr. Amin and the Hospital filed the instant motions for reconsideration, stating that they only recently received certain exhibits cited in the Motions to Seal after the Court's order issued and that they will not receive the additional redacted exhibits until they are filed by August 18, 2021 per the Court's Order. (Docs. 154 & 155.) They, therefore, request that the Court reconsider its order on the Motions to Seal and allow them to file a substantive response to the Motions to Seal by September 17, 2021, so that they can be heard on these issues and to prevent manifest injustice. (Docs. 154 & 155.)

Per this Court's Local Rules, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012); *Walker v. N. Am. Specialty Ins. Co.*, No. 1:14-CV-69 (WLS), 2017 U.S. Dist. LEXIS 9764, at *5 (M.D. Ga. Jan. 24, 2017). Dr. Amin argues that he has only recently received evidence that he did not have when the Order was issued, but a party is "'obliged to show not only that this evidence was newly discovered or unknown to it . . ., but also that it could not have discovered and produced such evidence [sooner].'" *Mays v. United States Postal Service*, 122 F.3d 43, 46 n.6 (11th Cir. 1997) (citation omitted). Dr. Amin, the Hospital, and Petitioners represented in their briefing to the Court in January and February

of 2021 that they were negotiating a protective order so that Petitioners could produce exhibits to them. (Docs. 78, 82, 91, 94.) Petitioners have filed an opposition brief and declaration in support asserting that Dr. Amin and the Hospital rejected the Petitioners' proposed protective order more than two months ago and made no further effort to request the exhibits or propose an alternative protective order. (Doc. 161 at 2.) The Petitioners argue that the motions to reconsider should be denied because the Respondents' "failure to timely oppose the Motion to Seal is the result of their own strategic decisions." *Id.* Regardless of the rationale behind failing to respond to the Motions to Seal or to obtain the necessary documents, the record does not reflect that the moving Respondents *could not* obtain the necessary exhibits before August 4, 2021, only that they did not do so. Thus, their motions to reconsider on the basis of newly discovered evidence are due to be denied.

Moreover, Respondents have not argued that any portion of the Court's order on the Motions to Seal was erroneous or warrants reconsideration— only that they want additional time to respond to the Motions to Seal. The Court agrees that these Respondents should be allowed to respond further to the Motions to Seal and finds that they have shown good cause for being allowed to do so. In fact, the Court's order clearly stated that it was "preliminary," that the Court would consider future motions from Respondents, and that the Court was willing to change the order as the case progressed. (Doc. 152 at 10.)

Accordingly, as Dr. Amin and the Hospital are not asking for the Court to reconsider anything in its prior Order (Doc. 152), their Motions for Reconsideration (Docs. 154 & 155) are **DENIED WITHOUT PREJUDICE**.[2] However, having obtained access to many of

---

[2] To the extent the Respondents are arguing that the Court committed error in resolving the motions to seal before Respondents filed a response brief, there was no error or manifest injustice. Respondents failed to act

the documents referenced in the Motions to Seal, Dr. Amin and the Hospital may file a brief in opposition to the Petitioners' Motions to Seal (Docs. 55 & 59) or to the Court's order resolving the Motions to Seal (Doc. 152) **no later than Friday, September 17, 2021**. Petitioners shall reply thereto **no later than fourteen days thereafter**. The Court will consider the Parties' arguments after that time.

       **SO ORDERED**, this 25th  day of August 2021.

                    **/s/ W. Louis Sands**
                    **W. LOUIS SANDS, SR. JUDGE**
                    **UNITED STATES DISTRICT COURT**

---

diligently in obtaining the documents they sought and in responding to the Motions to Seal. Furthermore, the Court's order did not prevent Respondents from challenging the Motions to Seal but explicitly left open the option for Respondents to raise any opposition in the future. (Doc. 152 at 10.)