IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **YANIRA YESENIA OLDAKER**, *et al.*, :<br>:<br>**Plaintiffs,** :<br>:<br>v. :<br>:<br>**THOMAS P. GILES,** *et al.*, :<br>:<br>**Defendants.** :<br>_____ : | CASE NO:  7:20-cv-224 (WLS) |

### **ORDER**

On December 19, 2022, this Court entered an Order (Doc. 222) ordering Plaintiffs to show cause as to why their Consolidated Second Amended Class Action Complaint for Declaratory and Injunctive Relief and for Damages (Doc. 210) ("SAC") should not be dismissed as to "Unserved Defendants" identified therein for Plaintiffs' failure to provide the Court with evidence that service of process has been properly executed on the Unserved Defendants.

Plaintiffs' Response to Order to Show Cause (Doc. 224) ("Response") was timely filed on December 30, 2022.  The Response shows and/or requests the following:

1. Defendants Marteka George, Mia Mines and William Rabiou were served in their official capacities as officers of Irwin County Detention Center ("ICDC") by service on the state-created governmental entity, ICDC.  *See* Fed. R. Civ. P. 4(j)(2).[1] Plaintiffs state that they served David Paulk, who accepted service on behalf of ICDC, in his capacity as Warden of the facility.  Plaintiffs further state that Mr. Paulk's position as Warden is the functional equivalent of the chief executive officer per Rule 4(j)(2).

2. Plaintiffs admit that they inadvertently failed to serve Marteka Georgia, Mia Mines, and William Rabiou in their individual capacities, but request that the Court use its

---

[1] Fed. R. Civ. P. 4 provides, in relevant part: "A . . . state-created governmental organization that is subject to suit must be served by . . . delivering a copy of the summons and of the complaint to its chief executive officer; or . . . serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

1

discretion under Fed. R. Civ. P. 4(m)[2] and allow them a short extension of time in order to properly serve these Defendants.  Plaintiffs cite the following factors for the Court's consideration in granting their request:  (a) The statute of limitations would likely bar Plaintiffs' claims against these Defendants in a refiled action; (b) granting the extension would not prejudice these Defendants because the case has been effectively stayed for the past year, and the Court recently issued a briefing order for any responses to the SAC.  (Docs. 168, 223.); and (c) these Defendants have had notice of the claims against them because they have already been served in the official capacity.

3. Plaintiffs contend it is premature to dismiss the claims against "FNU" Hughes, "FNU" Smith, "FNU" Coney, "FNU" Hanes, "FNU" Faison, "FNU" Battle, "FNU" Vaughn, "FNU" Scott, and "FNU" Slack, in their individual capacities and official capacities as ICDC officers (collectively the "Unnamed Defendants") and that it is also premature to dismiss their claims against Unknown ICDC Officers ##1-X, in their individual and official capacities ("Unknown Defendants").  Plaintiffs contend that "Courts, including those in this circuit, have allowed plaintiffs to name unknown defendants "until reasonable discovery permits the true defendants to be identified." (Doc. 224 at 7 (citing *Graham v. Medtronic, Inc.*, No. 6:06CV948ORL19JGG, 2006 WL 2194012, at *2–3 (M.D. Fla. Aug. 2, 2006) ("federal courts generally allow complaints asserting claims against a 'John Doe' defendant to proceed into discovery, with the understanding that the complaint must be amended to substitute the name of the real party 'as soon as the identity is known or reasonably should have been known or in any event, before the close of discovery.'" (citation omitted)) (other citations omitted).  Plaintiffs request that they be given a reasonable time to identify the Unnamed and Unknown Defendants during the discovery period of this case to effect service on the Unnamed and Unknown Defendants.

Upon full review and consideration of the record, the Court finds that Plaintiffs have properly served Defendants Marteka George, Mia Mines and William Rabiou in their official capacities as officers of ICDC.  The Court further finds that Plaintiffs' Response and requests

---

[2] Fed. R. Civ. P. 4(m) provides, in relevant part:  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  Plaintiffs concede that they do not have good cause for failing to serve Defendants Marteka Georgia, Mia Mines, and William Rabiou in their individual capacities.  (Doc. 224 at 6.)

2

with respect to Defendants Marteka George, Mia Mines and William Rabiou in their individual capacities, the Unnamed Defendants and Unknown Defendants are well-taken.

Accordingly, Plaintiffs are **ORDERED** to serve process on Defendants Marteka George, Mia Mines and William Rabiou, in their individual capacities, consistent with the Rules within thirty (30) days of entry of this Order.  Failure to comply with this Order may result in dismissal of the SAC as to these Defendants, in their individual capacity, without further notice or proceeding

Plaintiffs are **FURTHER ORDERED** to amend their SAC to substitute the name of the real parties as soon as the identity of the Unnamed and/or Unknown Defendants are known, or should reasonably become known, but in any event, before the close of discovery.

Plaintiffs are **FURTHER ORDERED** to serve process on Unnamed Defendants and Unknown Defendants consistent with the Rules at the time they amend the SAC.  Plaintiffs' failure to amend their SAC and effect service on any of the Unnamed Defendants and/or Unknown Defendants before the close of discovery may result in dismissal of the SAC as to any of such Defendants, without further notice or proceeding.

**SO ORDERED**, this 3rd day of January 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**