IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| YANIRA YESENIA OLDAKER, *et al.*, | : |
| | : |
|     **Plaintiffs,** | : |
| | : |
| v. | :    CASE NO: 7:20-cv-224 (WLS) |
| | : |
| THOMAS P. GILES, *et al.*, | : |
| | : |
|     **Defendants.** | : |
| _____ | : |

**ORDER**

Before the Court is the Motion to File Consolidated Response Brief (Doc. 251) ("Motion") filed on behalf of Plaintiffs in which the Plaintiffs request permission to file one response (limited to ninety pages) to the seven motions to dismiss filed by the various Defendants in this case (Docs. 231, 227, 232, 233, 234, 235, 242). Pursuant to the Court's Order (Doc. 254) entered February 20, 2023, Defendants Irwin County Detention Center, LaSalle Southeast LLC, and David Paulk ("Objecting Defendants")[1] filed a response in opposition (Doc. 255) ("Objection") stating the bases of their objections to the Motion, and Plaintiffs filed a reply (Doc. 256) ("Reply") to the Objection.

Plaintiffs contend that a consolidated brief will be more efficient because several of the Defendants' motions to dismiss raise the same or similar arguments and a consolidated brief will prevent duplicative filings. The Objecting Defendants point out that they have each argued that Plaintiffs' Second Amended Complaint (Doc. 210) fails to adequately set out claims against each Defendant and that it provides only "shotgun pleading allegations." They also contend that a combined brief will prejudice all Defendants because it will be confusing, will allow Plaintiffs to continue to confuse and conflate claims against all Defendants, creates uneven briefing parameters, and will require Defendants to wade through and respond to

---

[1] The Objection is also filed on behalf of Defendant Marteka George with the footnote that "Marteka George has specially appeared in this action for the purpose of contesting the Court's exercise of personal jurisdiction due to insufficiency of service of process." Obj. 1, n.1. As the Court noted in its February 20, 2023 Order, Ms. George's motion to dismiss (Doc. 252), including any arguments of insufficiency of service of process, is not included in the Plaintiffs' Motion (Doc. 251) and, therefore, is not before the Court for consideration.

1

ninety pages of argument to determine which pages are intended to refer to each individual Defendant. The Objecting Defendants contend that they have each argued that class certification is improper because each Plaintiff's claims against the various Defendants is too distinct and that the individual issues control over the general arguments. This statement is inconsistent with the Objecting Defendants' statement that Plaintiffs do not adequately set out claims against each Defendant. Further, in their Reply, Plaintiffs point out that:

> Defendants have raised similar—or, in some cases, identical—arguments across their motions to dismiss. *Compare, e.g.*, Doc. 233-1 at 17 *with* Doc. 232-1 at 20 (Objecting Defendants LaSalle and Paulk raising identical arguments for dismissal of gross negligence claims). Defendants—notably, the Objecting Defendants—have also cross-referenced and incorporated arguments from other Defendants' Motions to Dismiss, rather than bringing standalone motions. *See* Doc. 233-1 at 2, 4 (Defendant Paulk "joins in LaSalle's Motion to Dismiss and incorporates its arguments regarding dismissal of Plaintiffs' class action allegations as if fully restated herein."); Doc. 227-1 at 3 n.10 ("ICDC also joins the Motion to Dismiss and Memorandum in Support filed by the Defendant LaSalle and incorporates the reasons for dismissal asserted therein.").

Reply 1-2. The Plaintiffs also state that the consolidated brief will include a detailed appendix to ensure that the Court and each Defendant is able to identify which portions of the consolidated brief address the arguments raised in each motion to dismiss. The Court notes that the Objecting Defendants' motions to dismiss, and in particular the motions of LaSalle Southeast LLC and David Paulk, contain substantially the same arguments and quotations.[2] Based on the foregoing, the Court finds that Plaintiffs' Motion to File Consolidated Response Brief (Doc. 251) is well-taken.

Accordingly, it is hereby **ORDERED**, that Plaintiffs' Motion (Doc. 251) is **GRANTED** and Objecting Defendants' Objection (Doc. 255) is **OVERRULED**. Plaintiffs'

---

[2] David Paulk's motion to dismiss contains seven arguments for dismissal of the Second Amended Complaint. (Doc. 233 at 1-2 (listing arguments briefed)). LaSalle Southeast LLC's motion to dismiss includes substantially the same seven basis and adds two additional bases (breach of contract and negligent hiring of Dr. Amin) that are not applicable to David Paulk. Doc. 232 at 1-2 (listing arguments briefed).

shall be permitted to file a single consolidated brief of no more than ninety pages in response to the seven motions to dismiss (Docs. 231, 227, 232, 233, 234, 235, 242).

    **SO ORDERED**, this 21st day of February 2023.

                                                  __/s/ W. Louis Sands__
                                                  **W. LOUIS SANDS, SR. JUDGE**
                                                  **UNITED STATES DISTRICT COURT**