IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| YANIRA YESENIA OLDAKER, et al., : <br> : <br> **Plaintiffs,** : <br> : <br> v. : <br> : <br> THOMAS P. GILES, et al., : <br> : <br> **Defendants.** : <br> _____ : | CASE NO: 7:20-cv-224 (WLS) |

## ORDER

This matter came before the Court for hearing on May 2, 2023, on the following matters:

1. Plaintiffs' Motion for an Order to Show Cause for Defendant Amin's Failure to Comply with the Court's Discovery Stay and Plaintiff's Supplement thereto (Docs. 277 & 281) ("Show Cause Motion"), Amin's Response to the Show Cause Motion (Doc. 283), and Plaintiffs' Reply (Doc. 289);

2. Notice to Intervene by Non-Party NBCUniversal Media, LLC (Doc. 288) ("Motion to Intervene") filed April 14, 2023; and

3. On the Court's own motion, notice for the *Oldaker* Parties to show cause as to why the stay of discovery pursuant to the Court's Order (Doc. 187) ("Stay Order") entered February 1, 2022, should remain in place.

By Order (Doc. 292) entered April 20, 2023, a deadline of April 26, 2023, was set for the *Oldaker* Parties and NBCUniversal Media, LLC ("NBCU"), to file any additional responses to the Show Cause Motion or responses to the Motion to Intervene. NBCU was permitted to respond to the Show Cause Motion. The Court's notification for the *Oldaker* Parties to show cause as to why the discovery stay should not be lifted was also contained in this Order. The *Oldaker* Parties' and NBCU's responses (Docs. 295—301) to the Court's April 20, 2023 Order are also before the Court.

Having reviewed the record, including the Show Cause Motion, Motion to Intervene, the related responses thereto, as well as the Court's Stay Order, and having heard the

1

arguments of counsel, for the reasons set forth below and on the record, the Court finds and Orders with respect to each matter as follows:

**I.    THE DISCOVERY STAY IN *OLDAKER* IS CONTINUED**

In the Stay Order entered February 1, 2022, the Court stated:

> Here, the Federal [Defendants'] reasons for requesting an extension of the stay are compelling: the claims in this case and the ongoing criminal investigation concern the same alleged violations, the evidence being gathered in the investigation will likely overlap with the discovery that will be sought in this case, and the Federal [Defendants] are still responding to requests from Congressional committees regarding the allegations at issue in this case.

Stay Order 2. Based on the representations made at the May 2, 2023 hearing by Jeffrey Robins, counsel for the Official Capacity Federal Defendants, the above criminal investigations and internal investigations are still ongoing. As Mr. Robins expects those investigations to continue to affect this case, he and his clients advocate for continuing the discovery stay in this case.

The Court notes that the general consensus of the *Oldaker* Defendants represented at the May 2, 2023 hearing, including the Official Capacity Federal Defendants, is that the discovery stay remain in effect until the motions to dismiss pending in this case are resolved. The Plaintiffs request that if Dr. Amin is permitted to take the Plaintiffs' depositions, that the discovery stay be lifted in its entirety in *Oldaker*.

At the May 2, 2023 hearing, this Court noted that the stay was put in place on February 1, 2022, solely because of the ongoing criminal investigation. At that time, the Court did not anticipate that the Stay Order would affect lawsuits in other courts. The Court appreciates the deference shown by its sister Courts in temporarily staying certain depositions of the *Oldaker* Parties and providing this Court with the opportunity to address this issue. However, it was not then, and is not now, this Court's intention that the Stay Order should be interpreted to prevent legitimate discovery or to interfere with a sister Court's control of its docket, discovery calendar, or its own analysis of whether a discovery subpoena should be quashed by it due to the effect, if any, the ongoing investigations referred to herein might have on the case before such sister Court.

Based on the foregoing, the Court finds that because the criminal investigations and internal investigations are still ongoing, the original basis for the discovery stay is still in effect. Therefore, discovery in this case remains **STAYED** until further order of this Court.

## II. THE SHOW CAUSE MOTION IS DENIED

The Show Cause Motion alleges that Dr. Amin is violating the Stay Order by serving subpoenas to take the depositions of certain Plaintiffs in this case. Dr. Amin asserts he is not violating the Stay Order because he served subpoenas to take the depositions of the *Oldaker* Plaintiffs for use in a separate defamation case he filed in the Southern District of Georgia, styled *Amin v. NBCUniversal Media LLC*, No. 5:21-CV-56-LGW-BWC (S.D. Ga.) ("Defamation Case"). Plaintiffs assert Dr. Amin is merely attempting to evade the Court's Stay Order to begin discovery in the *Oldaker* case ahead of the other parties in this case. Dr. Amin contends he is permitted to take the depositions of the *Oldaker* Plaintiffs because, among other reasons, NBCU listed the *Oldaker* Plaintiffs as relevant witnesses in his Defamation Case, and the *Oldaker* Plaintiffs' testimony is highly relevant on the issue of falsity of claims regarding Dr. Amin's medical treatment of detainees, which is an element of defamation on which Dr. Amin bears the burden of proof.

The Court does not find any intentional act on the part of Dr. Amin to violate the Stay Order in this case. As reflected above, this Court did not intend for its Stay Order to interfere with or affect the discovery process of litigation in other courts and those courts are the proper venue for discovery disputes in cases pending before them.

The Court acknowledges that the facts and circumstances in the Defamation Case and *Oldaker* Case certainly overlap. However, counsel for the *Oldaker* Parties, Dr. Amin and NBCU are in the best position to determine the needs of their clients. Therefore, the Court strongly encouraged the Parties in both cases to meet and, in the interest of professionalism and their clients, attempt to come to an agreement on the most efficient and economical way to take the needed depositions. It is clear from email correspondence attached to pleadings, that some Parties have had discussions toward reaching an agreed resolution of this dispute.[1] Those discussion should continue.

---

[1] The correspondence shows the Parties were considering initial written depositions prior to deciding whether further in-person depositions were feasible. It is also suggested that the Parties consider whether it is possible to agree that depositions may be used in both cases so as to prevent duplication of efforts, time and costs. The Court leaves these decisions to the Parties.

Based on the foregoing, the Court finds that Plaintiffs failed to show that Dr. Amin violated this Court's Stay Order and the Motion to Show Cause is **DENIED** without prejudice.

### III. NBCU'S MOTION TO INTERVENE

The Court interprets NBCU's request to intervene in this case to be solely limited to whether the Court's Stay Order affects NBCU's ability to conduct discovery in the Defamation Case. To the extent that NBCU's intervention in the *Oldaker* case is limited as stated, none of the *Oldaker* Parties objected to NBCU's intervention. Nor did any of the *Oldaker* Parties present at the May 2, 2023 hearing object to NBCU being granted access to the docket in this case.

Accordingly, the Court finds that the Motion to Intervene will be **GRANTED** to the extent set forth below.

### IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED**, that:

1. NBCU's Motion to Intervene (Doc. 288) shall be and hereby is **GRANTED** to the extent that NBCU is allowed to intervene in this case for the limited purpose of responding to the Motion to Show Cause and attending the May 2, 2023 hearing. NBCU is permitted to have electronic access to the docket in this case, with the exception that access to any documents filed under seal shall be permitted only upon further motion and order of the Court.[2] The Clerk of Court is directed to permit NBCU such access to the docket in this case.

2. The Plaintiffs' Show Cause Motion (Docs. 277 & 281) shall be and hereby is **DENIED** without prejudice.

3. Discovery in this case remains **STAYED** until further of the Court.

4. On or before August 2, 2023, Counsel for the Official Capacity Federal Defendants shall file a statement in the record advising the Court whether the criminal and internal investigations are still ongoing and, to the extent Counsel is able, provide an estimate

---

[2] In the event the *Oldaker* Parties and NBCU come to an alternative agreement, they may tender a proposed protective order for the Court's consideration as to NBCU's access to sealed documents in this case.

4

of when the investigations will be concluded, or when discovery in this case will no longer potentially interfere with those investigations.

**SO ORDERED**, this 4th day of May 2023.

                                            /s/ W. Louis Sands
                                            **W. LOUIS SANDS, SR. JUDGE**
                                            **UNITED STATES DISTRICT COURT**