IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **YANIRA YESENIA OLDAKER**, *et al.*, : <br> : <br> **Plaintiffs,** : <br> : <br> v. : <br> : <br> **THOMAS P. GILES,** *et al.*, : <br> : <br> **Defendants.** : <br> _____ : | **CASE NO: 7:20-cv-224 (WLS)** |

### ORDER

Before the Court is the Consent Motion of Defendants Mines and Rabiou for (1) Stipulated Dismissal of Eleven Claims and (2) Stipulated Extension to File Motion to Dismiss as to Two Remaining Claims (Doc. 308) ("Motion). Therein, Defendants Walkiria Mines and Djibril "William" Rabiou (together "Moving Defendants") seek dismissal, with prejudice, under Federal Rule of Civil Procedure 12(b)(6) of eleven claims (*i.e.*, Counts 2-3, 5-6, and 11-17 ("Eleven Claims")), inclusive, asserted or potentially asserted against them in the Second Amended Complaint (Doc. 210) ("SAC"); and (2) extension to August 3, 2023, of their deadline to file, under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss the two remaining claims (*i.e.*, Counts 4 and 9). The Moving Defendants represent that counsel for Plaintiffs reviewed and consent to the Motion. The basis for the dismissal of the Eleven Claims rests on Plaintiffs' incorrect assertion that at the time of the events on which the allegations in the SAC are based, Mines and Rabiou were employees of the Irwin County Detention Center ("ICDC"). However, Mines and Rabiou are presently—and were at all times relevant to this action—federal employees and were employed by Immigration and Customs Enforcement as Deportation Officers.

While the Motion is labeled a "consent" motion indicating that the Moving Defendants and Plaintiffs have stipulated to the above matters, and the Moving Defendants represent that Plaintiffs have consented to the relief sought, the Court notes that counsel for the Plaintiffs

1

have not signed the Motion or a stipulated order.[1] As such, and considering the Motion is filed pursuant to Rule 12(b)(6), the Court finds that Plaintiffs should file a response to the Motion or such response period otherwise must elapse before the Motion is ripe for consideration.

Accordingly, on or before July 24, 2023, the Plaintiffs may file a response to the Motion.

**SO ORDERED**, this 6th day of July 2023.

                                           **/s/W. Louis Sands**
                                           **W. LOUIS SANDS, SR. JUDGE**
                                           **UNITED STATES DISTRICT COURT**

---

[1] The Court is not inferring that the Plaintiffs have not agreed to the relief sought. The Court understands the Parties' dilemma that Federal Rule of Civil Procedure 41 does not permit Plaintiffs to voluntarily dismiss less than all claims against the Moving Defendants. *See Rosell v. VMSB, LLC*, 67 F.4th 1141 (11th Cir. 2023) ("Here, because the parties attempted to dismiss [eleven] count[s] rather than the entire action [against the Moving Defendants], no part of Rule 41(a) authorize[s] the dismissal."). Further, while Plaintiffs may move to file a third amended complaint under Rule 15 to remove the Eleven Claims against the Moving Defendants, such amendment would adversely affect the remaining defendants in this action by mooting the eight pending motions to dismiss the SAC which are ripe for decision.

2