IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| YANIRA YESENIA OLDAKER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA <br><br> Defendant. | Case No.: 7:20-cv-00224-WLS |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND**

Defendant United States of America responds in opposition to Plaintiffs' "Motion to Amend Their Complaint to Add FTCA Claims for Plaintiffs Pauline Binam and Daniela Chavez Morales (Previously Identified as Jane Doe #25)" [ECF No. 398, the ("Motion to Amend")]. Plaintiffs' Motion to Amend on behalf of Plaintiff Pauline Binam ("Binam") and Plaintiff Daniela Chavez Morales ("Morales") (together, "Plaintiffs") is a misnomer. What Plaintiffs improperly ask of this Court is to disregard statutory edicts from Congress in enacting the Federal Tort Claims Act ("FTCA") in a transparent attempt to salvage legally deficient claims. Plaintiffs cannot "amend" their complaint to somehow become timely, because they never presented their administrative claims for exhaustion within the FTCA's two-year statute of limitations. Indeed, both Plaintiffs were represented by counsel and filed a lawsuit related to the same facts asserted in the proposed amended

complaint more than two years before filing their FTCA administrative claims. Having made a conscious decision not to assert FTCA claims when they filed this lawsuit, Plaintiffs cannot now avoid the FTCA's statute of limitations. Accordingly, the law is clear—Plaintiffs' proposed amendment is futile and Plaintiffs' Motion to Amend must be denied.

## Statement of Undisputed Material Facts

1. Plaintiffs' Motion to Amend is brought to allegedly fix exhaustion issues on behalf of two Plaintiffs, Binam and Morales (previously identified as Jane Doe #25).

2. The First Amended Complaint was filed on December 21, 2020. [ECF No. 54].

3. On February 22, 2022, Binam and Morales sought leave to be added as Plaintiffs in the pending suit, asserting that they brought the "same" causes of action already existing in the Consolidated First Amended Complaint. [ECF Nos. 189-1; 398-1, p. 3].

4. In the proposed Second Amended Complaint filed on February 22, 2022, the "FTCA Plaintiffs" are described as those who exhausted their administrative remedies and are listed by name. [ECF Nos. 189-1 and 210, ¶¶ 57-61]. Binam and Morales are not included in this section. *Id.*

5. After Plaintiffs' requested amendment was granted by this Court at ECF

2

No. 209, Plaintiffs officially filed their Second Consolidated Amended Complaint [ECF No. 210] on December 1, 2022.

6.   For the purposes of this Response only, Defendant accepts as true the "Factual Background" section concerning Binam and Morales's claims as put forth at ECF No. 398, pp. 4-8, and that "[a]ll of these facts were clearly laid out to Defendants in the SAC and were known to Defendants at or before the time of filing of the FAC in 2020." [ECF No. 398-1, p. 12; *see also id.* ("Here, Binam and Chavez Morales' FTCA claims arise from the same medical-abuse facts pled in the SAC (and in Chavez Morales' case, pled in the FAC, and in Binam's case, widely reported in the national press.")].

7.   The heart of Plaintiffs' argument focuses on their proposed addition to paragraph 64 of the Second Amended Complaint, copied below. [ECF No. 398-2, ¶ 64].

3

64. Plaintiffs Binam and Chavez Morales's FTCA claims arise out of the pattern of medical abuse and retaliation set out in the First Amended Complaint. These claims satisfy the relation back requirement under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, and equitable tolling applies because the government had timely notice of these claims, both through this litigation and extensive national news coverage. Not a single other Plaintiff who filed an FTCA complaint based on the same pattern of medical abuse and retaliation received an administrative settlement without first having to assert an FTCA claim in federal court; accordingly, it would have been an exercise in futility to require Binam and Chavez to file administrative complaints any sooner than they did. Nor are their FTCA claims barred by any state statute of repose, as (1) Congress's FTCA scheme preempts a general state statute of repose, and (2) defendants undertook intentional acts to conceal the extent of their negligence. Thus, Binam and Chavez's FTCA claims are not futile, relate-back to the filing of the First Amended Complaint, and do not prejudice the single remaining defendant in this case, the U.S. Government.

## MEMORANDUM OF LAW

### I. The Federal Tort Claims Act and Applicable Legal Standards

The United States is absolutely immune from suit except insofar as it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 588–89 (1941); *see also Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) ("[S]overeign immunity bars suit against the United States [and its agencies] except to the extent it consents to be sued."). The FTCA constitutes a limited waiver of the United States' sovereign immunity whereby, "[t]he United States shall be liable, respecting the provisions of [the FTCA], in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. "But in offering its consent to be sued, the

4

United States has the power to condition a waiver of its immunity as broadly or narrowly as it wishes, and according to whatever terms it chooses to impose." *Zelaya v. U.S.*, 781 F.3d 1315, 1321–22 (11th Cir. 2015).

Plaintiffs' contention that the FTCA "is simply the statutory mechanism for asserting state law tort claims in federal court against a federal defendant" [ECF No. 398-1, p. 13] reflects a fundamental misunderstanding of how the FTCA operates. Rather, the FTCA contains numerous exceptions and exclusions to its *limited* waiver of sovereign immunity, which immunizes the United States for certain types of tort claims. *See e.g.*, 28 U.S.C. § 2680(h) (intentional tort exception), 28 U.S.C. § 2761 (independent contractor limitation).

A threshold limitation to the FTCA's waiver of the United States' sovereign immunity is that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Critical to the dispute in the instant case is the interaction between the FTCA's administrative exhaustion requirement at 28 U.S.C. § 2675 and the statute of limitations restriction at 28 U.S.C. § 2401(b).

In assessing this interaction, it is crucial to note that even though the FTCA's

5

time bars may be subject to equitable tolling under extraordinary circumstances, *United States v. Wong*, 575 U.S. 402, 420 (2015), the Eleventh Circuit has repeatedly and consistently upheld dismissals based on the FTCA's statute of limitations when presented with meritless equitable tolling arguments post-*Wong*. *See Pinson v. United States*, No. 21-14032, 2022 WL 16707956, at *4 (11th Cir. Nov. 4, 2022) (affirming dismissal of family members' FTCA claims based on failure-to-exhaust and statute-of-limitations grounds, including complete failure to submit any written notification of their claims); *Tucker v. United States*, 724 F. App'x 754, 758 (11th Cir. 2018) (affirming the district court's decision to dismiss plaintiffs' FTCA claims as time-barred and not entitled to equitable tolling when plaintiff mailed her complaint on the same day the statute of limitations period expired); *Bello v. United States*, 757 F. App'x 819, 823 (11th Cir. 2018) (holding that the arrival of Hurricane Irma and attorney negligence did not warrant equitable tolling when the complaint was filed ten days after the FTCA statute of limitations period ended) (unpublished).

Defendant does not dispute any of Plaintiffs' case law relating to amendment standards, how leave should be freely granted, or whether Defendant was aware of Plaintiffs' FTCA claims through the filing of the Second Amended Complaint. Defendant simply adds that it is well established that "[d]enial of leave to amend based on futility is justified when the proposed amended complaint remains subject to dismissal." *Trotter v. Shull*, 720 F. App'x, 542, 545 (11th Cir. 2017). Because it

6

would be futile to allow Plaintiffs' amendment, this Court should deny Plaintiffs' Motion to Amend.

## II. Binam and Morales's FTCA Claims are Time Barred

The Eleventh Circuit recently discussed extensively the exhaustion of administrative remedies within the context of the FTCA. Its guidance is both binding and instructive:

> The FTCA has both an administrative exhaustion requirement, *see* 28 U.S.C. § 2675(a), as well as a statute of limitations, *see id.* § 2401(b). "Combined, these provisions act as chronological bookends to an FTCA claim, marking both a date before which a claim may not be filed and a date after which any filing is untimely."
>
> *Dotson v. United States*, 30 F.4th 1259, 1266 (11th Cir. 2022) (quoting *Barnes v. United States*, 776 F.3d 1134, 1139 (10th Cir. 2015)).

If a plaintiff fails to comply with the time restrictions in the FTCA, dismissal is appropriate. *See Pinson*, 2022 WL 16707956, at *4; *Tucker*, 724 F. App'x at 758.

Here, Binam and Morales' claims accrued in 2019 when their alleged injuries were incurred. *See Diaz v. United States,* 165 F.3d 1337, 1339 (11th Cir. 1999) ("The general rule is that a claim under the FTCA accrues at the time of injury.") (citation omitted). However, even if one were to ignore this fact and instead focus on the date that Plaintiffs' counsel represents they articulated their claims in the FAC—December 21, 2020—their claims are still plainly time barred. [ECF No. 398-1, p. 2]. As Plaintiffs' own attachments to their Motion to Amend make clear, Binam and Morales did not file SF-95s until March 29, 2024, **years *after*** the

7

expiration of the FTCA's two-year statute of limitations. [ECF No. 398-1, p. 2, 398-3, 398-4 (attaching SF-95s as exhibits)].

As such, there is no way to avoid the fact that Binam and Morales's claims are untimely under the FTCA's two-year statute of limitations—an express condition of the United States' waiver of sovereign immunity. *See Cartagena v. Martino-Villanueva*, 619 F. Supp. 3d 1145, 1161 (M.D. Fla. 2022) (granting United States' motion to dismiss with prejudice because amendment to complaint would be futile when plaintiffs failed to realize within the statute of limitations period that defending parties were federal employees and plaintiffs could not establish tolling); *Harris v. Marine Corps Logistics Base*, No. 1:13–CV–175 (WLS), 2014 WL 1401631, at *2 (M.D. Ga. Apr. 10, 2014) (analyzing FTCA exhaustion of administrative remedies at the motion to dismiss stage and finding the evidence undisputed that the plaintiff failed to first file an administrative claim prior to filing his complaint); *Campbell v. United States*, No. 5:18-cv-457-CHW, 2019 WL 13301433, at *7 (M.D. Ga. Apr. 9, 2019) ("The claim is therefore subject to the requirements of the Federal Tort Claims Act, including the exhaustion provisions of 28 U.S.C. § 2675. As Plaintiff had not exhausted his administrative remedies with the United States Air Force prior to filing suit, the case must be dismissed for lack of subject-matter jurisdiction.").

Binam and Morales cannot simply point to the Second Amended Complaint and state that their FTCA claims "relate back to the initial filing in this litigation

because they arise out of the same medical abuse and retaliation facts . . . ." [ECF No. 398-1, p. 2] as other Plaintiffs who timely submitted SF-95s.  Rather, the Eleventh Circuit recently reiterated that "[t]he FTCA requires that *each* claim and each claimant meet this [Standard Form 95] prerequisite." *Pinson*, 2022 WL 16707956, at *4, n.2 (emphasis in original); *see id.* ("Because Pinson's wife and six sons failed to 'individually satisfy the jurisdictional prerequisite of filing a proper claim,' *Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006) (quotation marks omitted), the district court properly found it lacked subject matter jurisdiction over their claims.").

The cases Plaintiffs cite in support of relating their claims back are entirely inapposite. [ECF No. 398-1, p. 13]. In fact, two of the three cases do not even involve the Federal Tort Claims Act and whether relation back implicates administrative exhaustion. *See Hottenstein v. City of Sea Isle City*, No. 11-740 (JEI), 2012 WL 12898844 at *4 (D.N.J. Aug. 16, 2012); *McKinney v. Laird*, No. 5:10-CV00074-R, 2011 WL 2457660, at *3 (W.D. Ky. June 16, 2011). And *Anderson v. United States* actually supports Defendant's position. There, the pro se plaintiff presented his SF-95 to the Bureau of Prisons, which administratively denied it ***prior to*** Plaintiff filing his case in federal court. *See Anderson v. United States*, No. 1:20-CV-4358-SDG-AJB, 2021 WL 12180671, at *2 (N.D. Ga. Nov. 9, 2021). That is far from the procedural posture at issue here.

9

Additionally, Plaintiffs' arguments about "futility" given "the FTCA administrative remedies process has proven universally futile for all fifteen Plaintiffs in this case[]" is meritless. [ECF No. 398-1, p. 2]. Plaintiffs provide no case law in support of this statement. Accepting this argument would override what Congress has prescribed as the requisite course of action for filing tort claims against the United States: first presenting the claim for administrative resolution with the appropriate federal agency within two years of accrual. 28 U.S.C. § 2675. By Plaintiffs' logic, there would be no limit on how long a claimant could delay in filing an FTCA administrative claim if they believed their claim would not be settled administratively.

### III. Equitable Tolling Does Not Apply to Save Plaintiffs' FTCA Claims

As the United States Supreme Court held in 2015, "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *Wong*, 575 U.S. at 420. But since then, the Eleventh Circuit has provided consistent guidance in assessing equitable tolling arguments within the context of the FTCA. *See e.g.*, *Dotson*, 30 F.4th at 1268; *Tucker*, 724 F. App'x at 758. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and **unavoidable even with diligence**." *Dotson*, 30 F.4th 1268 (emphasis added) (quoting *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (equitable tolling is an "extraordinary remedy which should be extended only sparingly")).


Second, "[t]he plaintiff has the burden of proving that such extraordinary circumstances exist." *Id.*

For the purposes of equitable tolling, even if one accepts as true Plaintiffs' varied contentions that Defendant took numerous "cover-up efforts" regarding the harm done to these Plaintiffs and "attempt[ed] to hide its culpability," there is still **no** explanation from Plaintiffs as to why they waited more than three years to administratively exhaust their claims after filing the December 21, 2020, Complaint (the date of the FAC). Indeed, Binam and Morales sought to be added as Plaintiffs in their own right on February 22, 2022, which is still more than two years before they actually filed their administrative claims on March 29, 2024. Plaintiffs' Motion to Amend "simply include[s] only law related to equitable tolling but with no factual explanation of circumstances beyond their control or unavoidable with due diligence" within these key time periods. *Pinson*, 2022 WL 16707956, at *4, n.2. This is plainly insufficient to overcome Plaintiffs' burden to establish equitable tolling. *See Dotson*, 30 F.4th at 1268.

Clearly there were no "extraordinary circumstances" that somehow prevented Binam and Morales from timely filing their administrative claims within the statute of limitations period. They were represented by counsel, who presented numerous filings on their behalf. To the extent that counsel is implicitly asking for equitable tolling to excuse their own oversight, the Eleventh Circuit has repeatedly made its

11

position on such arguments – within the context of the FTCA – clear: "In short, the missteps of Plaintiffs' attorneys amount to a garden variety claim of excusable neglect that does not constitute extraordinary circumstances warranting equitable tolling." *Dotson*, 30 F.4th at 1271; *see also Bello*, 757 F. App'x at 823 ("Standing alone, attorney negligence—even egregious negligence—is not an extraordinary circumstance that justifies equitable tolling.").

Plaintiffs seek to appeal to this Court's sympathies in stating that "[i]f there is to be any justice in this case, Plaintiffs Binam and Chavez Morales must be allowed to seek redress for the egregious harms that Defendant's negligence and willful cover-up has visited upon them." [ECF No. 398-1, p. 12]. Again, Plaintiffs offer no caselaw to support this position. Moreover, this logic would eviscerate the FTCA's statute of limitations, and this argument has been explicitly rejected by the Eleventh Circuit. *See, e.g.*, *Tucker*, 724 F. App'x at 758 ("But, despite our sympathy for [Plaintiffs], [the Court] may not disregard the limitations periods established by Congress for actions under the FTCA.").

Generally arguing that this is a case of "significant public concern" and as such "justice demands that those FTCA claims be added" is neither the standard nor the law. Instead, the Eleventh Circuit has "explained that § 2401(b) 'is the balance struck by Congress in the context of tort claims against the Government[,] and we are not free to construe it so as to defeat its obvious purpose, which is to encourage

12

the prompt presentation of claims.'" *Dotson*, 30 F.4th at 1266 (quoting *Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001) ("Therefore, in construing the FTCA's statute of limitations, we should not take it upon ourselves to extend the waiver beyond that which Congress intended.") (internal quotations omitted)); *see also Williams v. United States*, No. 1:21-cv-01114-CLM-HNJ, 2022 WL 18142513, at *4 (N.D. Ala. Dec. 1, 2022) ("Therefore, this court must require strict adherence to the administrative requirements found in the FTCA and applicable federal regulations as these requirements act as limitations to the United States' waiver of sovereign immunity."); *Cole v. United States*, No. 1:21-CV-4436-LMM-JSA, 2023 WL 5672523, at *2 (N.D. Ga. Feb. 22, 2023) (denying equitable tolling as to plaintiff's FTCA claims based on lockdowns associated with the Covid-19 pandemic).

Accordingly, Plaintiffs cannot establish equitable tolling to save their plainly untimely claims. Because Binam's and Morales' FTCA claims are barred by the FTCA's dual statute of limitations and administrative presentment requirements, their proposed amendment to the complaint is futile. Plaintiffs made a conscious choice, while represented by counsel, not to assert FTCA claims. They cannot now amend their complaint and their request to do so should be denied.

                         Respectfully submitted,

                         JASON R. COODY
                         United States Attorney

*/s/ Marie A. Moyle*
**MARIE A. MOYLE, ESQ.**
Assistant United States Attorney
Florida Bar No. 1003498
111 N. Adams Street, 4th Floor
Tallahassee, FL  32301
Telephone:  850-942-8430
Fax:  850-942-8466
Email: marie.moyle@usdoj.gov
Special AUSA Acting Under Authority
Conferred by 28 U.S.C. § 515
Counsel for the United States of America

14